IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **RAMIRO SANCHEZ**, and **RYAN LUKA**, on behalf of themselves and all other employees similarly situated, known and unknown,<br><br>    Plaintiffs,<br><br>  v.<br><br>**HALTZ CONSTRUCTION, INC.**, an Illinois corporation, **1919 W. CRYSTAL, LLC**, an Illinois limited liability company, **RMR GROUP, INC.**, an Illinois corporation, **ROBERT M. RYAN, II**, **BILL WILLIAMS**, individually, **KERRY WALSH**, individually, **KEVIN MACNAB**, individually, and **ROBIN MACNAB**, individually,<br><br>    Defendants. | Civil Action<br><br><br><br><br><br>No.<br><br><br><br><br><br><br><br><br><br>JURY DEMAND |

## COMPLAINT

By and through their attorneys of record and on behalf of themselves and all other employees similarly situated, known and unknown, the plaintiffs, **RAMIRO SANCHEZ** ("SANCHEZ"), and **RYAN LUKA** ("LUKA"), (collectively the "Plaintiffs"), hereby complain of the defendants, **HALTZ CONSTRUCTION, INC.** ("HALTZ"), **1919 W. CRYSTAL, LLC** ("1919"), an Illinois limited liability company, **RMR GROUP, INC.** ("RMR"), an Illinois corporation, **ROBERT M. RYAN, II** ("ROBERT"), individually, **BILL WILLIAMS** ("BILL"), individually, **KERRY WALSH** ("WALSH"), individually, **KEVIN MACNAB** ("KEVIN") individually, and **ROBIN MACNAB** ("ROBIN"),

individually, (collectively the "Defendants"). Pleading hypothetically and in the alternative, the Plaintiff alleges as follows:

## I. INTRODUCTION

1. This action arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, as a result of the Defendants' failure to pay overtime compensation to the Plaintiffs, and to other similarly situated employees of the Defendants (the "Collective"). The Plaintiffs routinely worked in excess of 40 hours per week for one or more of the Defendants, but the Defendants failed and refused to pay them time-and-one-half overtime compensation for the hours they worked in excess of 40 as the FLSA requires. Upon information and belief, the Defendants failed and refused to pay the Collective time-and-one-half overtime compensation for the hours they worked in excess of 40 as well. In Count I, the Plaintiffs bring a claim pursuant to Section 216(b) of the FLSA.

2. Additionally, the Defendants failed to pay the Plaintiffs at least minimum wage for certain hours they worked – by virtue of the fact that the Defendants paid the Plaintiffs nothing at all for those certain hours.

3. In Counts II and III, the Plaintiffs bring supplemental claims pursuant to the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1 *et seq.*, the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS 115/1 *et seq.*, and the Attorneys' Fees in Wage Actions Act ("AFWAA"), 705 ILCS 225 *et seq*. The rights and remedies set forth in these statutes are generally similar and analogous to those that Congress set forth in the FLSA.

## II. THE PARTIES

4. The Plaintiffs are individuals domiciled in the State of Illinois, and reside within this judicial district.

5. ROBERT is an individual who, upon information and belief, is domiciled in Illinois and resides within this judicial district.

6. BILL is an individual who, upon information and belief, is domiciled in Illinois and resides within this judicial district.

7. KERRY is an individual who, upon information and belief, is domiciled in Illinois and resides within this judicial district.

8. KEVIN is an individual who, upon information and belief, is domiciled in Illinois and resides within this judicial district.

9. ROBIN is an individual who, upon information and belief, is domiciled in Illinois and resides within this judicial district.

10. At all times relevant to this action, KERRY is/was a corporate officer of HALTZ.

11. Upon information and belief, at all times relevant to this action, the KERRY holds/held an ownership interest in HALTZ.

12. Upon information and belief, at all times relevant to this action, the following individuals exercise/exercised significant control over HALTZ's day-to-day operations: a) KERRY; b) KEVIN; and c) ROBIN.

13. At all times relevant to this action, the following individuals are/were corporate officers of 1919: a) ROBERT; and b) BILL.

14. Upon information and belief, at all times relevant to this action, the following individuals hold/held an ownership interest in 1919: a) ROBERT; and b) BILL.

15. Upon information and belief, at all times relevant to this action, the following individuals exercise/exercised significant control over 1919's day-to-day operations: a) ROBERT; and b) BILL.

16. At all times relevant to this action, the following individuals are/were corporate officers of RMR: a) ROBERT; and b) BILL.

17. Upon information and belief, at all times relevant to this action, the following individuals hold/held an ownership interest in RMR: a) ROBERT; and b) BILL.

18. Upon information and belief, at all times relevant to this action, the following individuals exercise/exercised significant control over RMR's day-to-day operations: a) ROBERT; and b) BILL.

19. At various times relevant to this action, the following individuals supervised and directed the Plaintiff's work: a) ROBERT; b) KERRY; c) KEVIN and d) ROBIN.

20. At various times relevant to this action, the following individuals were involved in the Defendants' respective payroll processes relative to the Plaintiffs: a) ROBERT; b) BILL; c) KERRY; d) KEVIN and e) ROBIN.

### III. JURISDICTION AND VENUE

21. Federal question jurisdiction is conferred on this Court by Section 16(b) of the FLSA and 28 U.S.C. §1331.

22. Supplemental jurisdiction over the Illinois statutory claims alleged herein is conferred on this Court by 28 U.S.C. § 1367(a).

23. Venue is proper as the acts or omissions that gave rise to the claims alleged herein occurred within this judicial district.

## IV. STATUTORY CONSENT

24. The Plaintiffs bring this case as a collective action under the FLSA on behalf of herself and the Collective, and in accord with Section 16(b) of the FLSA, the Plaintiffs have given written consent to bring such an action (attached as **Exhibit A**).

## V. GENERAL ALLEGATIONS

25. At various times relevant to this action, the Defendants, and each of them, are/were the Plaintiff's "employer", within the meaning of Section 3(a) and (d) of the FLSA in that the Defendants act/acted directly or indirectly in the interest of the "employer" in relation to the employee plaintiffs represented herein, and are therefore jointly and severally liable for the unpaid wages and other relief sought herein.

26. At various times relevant to this action, the Defendants, and each of them, are/were the Plaintiff's "employer", within the meaning of Section 3(c) of the IMWL in that the Defendants act/acted directly or indirectly in the interest of the "employer" in relation to the employee plaintiffs represented herein, and are therefore jointly and severally liable for the unpaid wages and other relief sought herein.

27. At various times relevant to this action, the Defendants, and each of them, operated, controlled and/or constituted an "enterprise" within the meaning of Section 3(r) of the FLSA (the "Enterprise").

28. At various times relevant to this action, the Enterprise operates/operated a construction business or businesses within the Northern District of Illinois.

29. Upon information and belief, the Enterprise may operate, and may have operated, additional establishments in Illinois.

30. Upon information and belief, the several establishments operated by the Enterprise are/were managed by the same personnel, indicating common control.

31. Upon information and belief, employees are/were traded amongst the several establishments operated by the Enterprise, indicating common control.

32. At all times relevant to this action, the Plaintiffs were "employees" of the Defendants within the meaning of Section 3(e)(1) of the FLSA.

33. At all times relevant to this action, the members of the Collective are/were "employees" of the Defendants within the meaning of Section 3(e)(1) of the FLSA.

34. At all times relevant to this action, the Plaintiff was an "employee" of the Defendants within the meaning of Section 3(d) of the IMWL.

35. During the course of his employment by the Defendants, the Plaintiff handled goods that moved in interstate commerce including but not limited to Portland cement, clay bricks, lumber and hardware.

36. During the course of their employment by the Defendants, the Collective handles/handled goods that moved in interstate commerce including but not limited to Portland cement, clay bricks, lumber and hardware.

37. During the course of their employment by the Defendants, the Plaintiffs and the Collective are/were not exempt from the overtime wage and minimum wage provisions of the FLSA.

38.     During the course of their employment by the Defendants, the Plaintiffs and the Collective are/were not exempt from the overtime wage and minimum wage provisions of the IMWL.

39.     SANCHEZ was employed by one or more of the Defendants from about December 3, 2007, until about April 30, 2008.

40.     The Defendants routinely and as a matter of practice and policy required the Plaintiffs to work more than 40 hours per week, but then failed and refused to pay them overtime compensation at the requisite statutory rates.

41.     Upon information and belief, the Defendants routinely and as a matter of practice and policy required the Collective to work more than 40 hours per week, but then failed and refused to pay them overtime compensation at the requisite statutory rates.

42.     The Defendants routinely and as a matter of practice and policy failed and refused to pay the Plaintiffs wages at a rate equal to or greater than the applicable minimum wage, by virtue of the fact that in certain workweeks, they paid them nothing at all.

43.     Upon information and belief, the Defendants routinely and as a matter of practice and policy fail/failed and refuse/refused to pay the Collective wages at a rate equal to or greater than the applicable minimum wage.

### COUNT I
### (Violation of the FLSA)

44.     The Plaintiffs hereby re-allege the foregoing allegations.

45.     The Defendants violated the FLSA by;

    a. failing to pay the Plaintiffs for certain hours at a rate equal to or greater than the FLSA's mandatory minimum rate;

    b. failing to pay the Plaintiffs for certain overtime (in excess of 40 in a given workweek) hours at a rate equal to or greater than one and one-half times the regular rate at which they employed; and

    c. failing to provide the Plaintiffs with pay stubs that accurately listed their respective hourly wage rates and the respective number of hours they worked each week.

46. Upon information and belief, the Defendants also violated the FLSA by:

    a. failing to pay the Collective for certain hours at a rate equal to or greater than the FLSA's mandatory minimum rate;

    b. failing to pay the Collective for certain overtime (in excess of 40 in a given workweek) hours at a rate equal to or greater than one and one-half times the regular rate at which they were/are employed; and

    c. failing to provide the Collective with pay stubs that accurately list/listed their respective hourly wage rates and the respective number of hours they work/worked each week.

47. The Defendants' violation of the FLSA was willful in that the Defendants were aware or should have been aware of their obligations under the FLSA, but nevertheless attempted to circumvent its provisions.

48. The Defendants failed to take affirmative steps to ascertain their obligations under the FLSA.

WHEREFORE the Plaintiffs, on behalf of themselves and the Collective, pray for judgment in their favor and against the defendants, **HALTZ CONSTRUCTION, INC.**, **1919 W. CRYSTAL, LLC**, **RMR GROUP, INC.**, **ROBERT M. RYAN, II**, **BILL**

**WILLIAMS**, **KERRY WALSH**, **KEVIN MACNAB**, and **ROBIN MACNAB**, and each of them, and for the following relief:

A. damages in an amount equal to the unpaid minimum wages due and owing to the plaintiffs for each hour the plaintiffs worked, but for which the Defendants failed to pay the plaintiffs at a rate equal to or greater than the FLSA's mandatory minimum rate;

B. damages in an amount equal to the unpaid overtime compensation due and owing to the plaintiffs for each hour the plaintiffs worked in excess of 40 in any given week, but for which the Defendants failed to pay the plaintiffs at a rate equal to or greater than one and one-half times the regular rate at which the plaintiffs were employed (in no case less than one and one-half times the IMWL's mandatory minimum rate);

C. statutory liquidated damages as allowed by the FLSA;

D. interest on all amounts awarded;

E. attorneys' fees, together with costs of suit and collection; and

F. such further relief as may be fair and just in the premises.

## COUNT II
### (Violation of the IMWL)

49. The Plaintiffs hereby re-allege the foregoing allegations.

50. The Defendants violated the IMWL by;

    a. failing to pay the Plaintiffs for certain hours at a rate equal to or greater than the IMWL's mandatory minimum rate; and

    b. failing to pay the Plaintiffs for certain overtime (in excess of 40 in a given workweek) hours at a rate equal to or greater than one and one-half times the regular rate at which they were employed.

51. The Defendants were aware or should have been aware of their obligations under the IMWL, but nevertheless attempted to circumvent its provisions.

52. The Defendants failed to take affirmative steps to ascertain their obligations under the IMWL.

WHEREFORE the Plaintiffs pray for judgment in their favor and against the defendants, **HALTZ CONSTRUCTION, INC.**, **1919 W. CRYSTAL, LLC**, **RMR GROUP, INC.**, **ROBERT M. RYAN, II**, **BILL WILLIAMS**, **KERRY WALSH**, **KEVIN MACNAB**, and **ROBIN MACNAB**, and each of them, and for the following relief:

A. damages in an amount equal to the unpaid minimum wages due and owing to the Plaintiffs for each hour the Plaintiffs worked, but for which the Defendants failed to pay the Plaintiffs at a rate equal to or greater than the IMWL's mandatory minimum rate;

B. damages in an amount equal to the unpaid overtime compensation due and owing to the Plaintiffs for each hour the Plaintiffs worked in excess of 40 in any given week, but for which the Defendants failed to pay the Plaintiffs at a rate equal to or greater than one and one-half times the regular rate at which the Plaintiffs were employed (in no case less than one and one-half times the IMWL's mandatory minimum rate);

C. statutory punitive damages as allowed by the IMWL;

D. interest on all amounts awarded;

E. attorneys' fees, together with costs of suit and collection; and

F. such further relief as may be fair and just in the premises.

### COUNT III
### (IWPCA and AFWAA claims)

53. The Plaintiffs hereby re-allege the foregoing allegations.

54. The Defendants violated the IWPCA by:

   a. failing to pay the Plaintiffs for certain hours at a rate equal to or greater than the IMWL's mandatory minimum rate;

    b. failing to pay the Plaintiffs for certain overtime (in excess of 40 in a given workweek) hours at a rate equal to or greater than one and one-half times the regular rate upon which the parties had agreed;

    c. failing to pay the Plaintiffs certain wages either weekly or biweekly; and

    d. failing to pay the Plaintiffs certain wages within either 7 days of the close of each relevant workweek, or within 13 days of the close of each relevant biweekly pay-period.

WHEREFORE the Plaintiffs pray for judgment in their favor and against the defendants, **HALTZ CONSTRUCTION, INC.**, **1919 W. CRYSTAL, LLC**, **RMR GROUP, INC.**, **ROBERT M. RYAN, II**, **BILL WILLIAMS**, **KERRY WALSH**, **KEVIN MACNAB**, and **ROBIN MACNAB**, and each of them, and for the following relief:

A. an order commanding the Defendants to pay the Plaintiffs any and all wages the Defendants owe the Plaintiffs for each hour the Plaintiffs worked, but for which the Defendants failed to pay the Plaintiff at a rate equal to or greater than the rate agreed upon by the parties (in no case less than the IMWL's minimum rate);

B. an order commanding the Defendants to pay the Plaintiffs any and all overtime compensation the Defendants owe the Plaintiffs for each hour the Plaintiffs worked in excess of 40 in any given week, but for which the Defendants failed to pay the Plaintiffs at a rate equal to or greater than one and one-half times the regular rate agreed upon by the parties (in no case less than one and one-half times the IMWL's minimum rate);

C. interest on all amounts awarded;

D. reasonable attorneys' fees as allowed by the AFWAA, together with costs of suit and collection; and

E. such further relief as may be fair and just in the premises.

## **JURY DEMAND**

The Plaintiffs hereby demands trial by jury of all issues set forth herein that are capable of being tried by a jury.

| | |
|---|---|
| Roy P. Amatore, Esq.<br>Paul Luka, Esq.<br>AMATORE & ASSOCIATES, P.C.<br>120 S. State Street · Suite 400<br>Chicago, IL 60603<br>312.236.9825 (tel.) | Respectfully submitted,<br><br>/s/Paul Luka<br>PAUL LUKA |

# EXHIBIT A

## CONSENT TO BE A PARTY PLAINTIFF

The undersigned hereby authorizes and engages Amatore & Associates, P.C. to pursue his claims for unpaid wages, and other relief, against 1919 W. Crystal, LLC and Kevin McNabb, and any other who may have employed him in conjunction with said person (collectively the "Employers"), and by the signature below the undersigned hereby consents to be a party plaintiff in a lawsuit brought against the Employers on behalf of himself and all other similarly situated employees, known and unknown.

_____
RAMIRO SANCHEZ

## CONSENT TO BE A PARTY PLAINTIFF

The undersigned hereby authorizes and engages Amatore & Associates, P.C. to pursue his claims for unpaid wages, and other relief, against 1919 W. Crystal, LLC and Kevin McNabb, and any other who may have employed him in conjunction with said person (collectively the "Employers"), and by the signature below the undersigned hereby consents to be a party plaintiff in a lawsuit brought against the Employers on behalf of himself and all other similarly situated employees, known and unknown.

_____
RYAN LUKA