## IN THE UNITED STATES DISTRICT COURT
## IN THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| RAMIRO SANCHEZ, and RYAN LUKA, on behalf of themselves and all other employees similarly situated, known and unknown, ) ) ) ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | |
| HALTZ CONSTRUCTION, INC., an Illinois corporation, 1919 W. CRYSTAL, LLC, an Illinois limited liability company, RMR GROUP, INC., an Illinois corporation, ROBERT M. RYAN, II, BILL WILLIAMS, individually, KERRY WALSH, individually, KEVIN MACNAB, individually, ROBYN MACNAB, individually, MICHAEL SELVAGGIO, individually, DANIEL DILLON, individually, and ERIKA DOMINGUEZ a/k/a Erika Thomas, individually, ) ) ) ) ) ) ) ) ) ) ) ) ) ) | No. 09 CV 7531<br><br>Judge Grady<br><br>Magistrate Judge Nolan |
| Defendants. ) ) | |
| -------------------------------------------------- ) | |
| HALTZ CONSTRUCTION, INC., an Illinois corporation, MICHAEL SELVAGGIO, individually, and DANIEL DILLON, individually, ) ) ) ) ) | |
| Third-Party Plaintiffs ) ) | |
| v. ) ) | |
| KEVIN MACNAB, individually, ) ) | |
| Third Party Defendant | |

## THIRD-PARTY COMPLAINT

NOW COME Defendants/Third-Party Plainitffs, HALTZ CONSTRUCTION, INC.

1

("Haltz"), MICHAEL SELVAGGIO ("Selvaggio"), DANIEL DILLON ("Dillon") (collectively the "Haltz Parties"), by and through their attorneys, SEIDEN LAW GROUP, and for their Third-Party Complaint as against KEVIN MACNAB, hereby states as follows:

**GENERAL ALLEGATIONS**

1. Defendant RMR GROUP INC. ("RMR") awarded Haltz a sub-contract to complete excavation, concrete work at the project known as 1919 W. Crystal (the "Project") in or about late 2007.

2. Soon after, KEVIN MACNAB ("Kevin") and ROBYN MACNAB (collectively the "MacNabs"), as and for Synergy Construction, approached Selvaggio regarding the masonry for the Project. The MacNabs bid the masonry contract and won the contract to the exclusion of other subcontractors.

3. The MacNabs and Synergy were unlicensed and could not provide worker's compensation insurance. As such, Haltz agreed to provide the insurance on the job as long as Synergy provided its own equipment, labor, and materials for the masonry.

4. The MacNabs and Synergy did provide their own labor, equipment, and materials for the job.

5. On information and belief, the Plaintiffs were hired by Kevin through Synergy and were to be paid by Kevin through Synergy.

6. Selvaggio loaned approximately $18,000.00 to the MacNabs early on in the project, after Kevin told Selvaggio that he did not have money to cover three to four weeks of payroll for the masonry labor.

7. Eventually Kevin repaid approximately $11,000.00 to Selvaggio but the remainder of that loan is unpaid.

8. The Haltz Parties later discovered that Kevin had made at least two draws against the Project for "masonry labor" by falsely posing as a vice president of Haltz.

9. Kevin is not now nor has he ever been a vice president of Haltz.

10. Based upon Kevin's false representations, Chicago Title and Trust Company released to him approximately $42,300.00 for "labor expenses."

11. On information and belief, Kevin then opened a bank account under Haltz's name and deposited the money in that account.

12. The bank account into which the funds were deposited has never been under the possession, custody, or control of Haltz, Selvaggio, or Dillon and in fact has always been under the possession, custody, and control of Kevin.

13. Haltz did not authorize any of these foregoing acts and did not receive the proceeds of the draws.

## COUNT I
## FRAUD
### (Kevin MacNab)

14. The Haltz Parties reassert and reallege Paragraphs 1-13 of this Third-Party Complaint and incorporate them as if fully set forth herein.

15. On or about April 30, 2008, Kevin made at least one false statement of material fact to Chicago Title and Trust Company, namely that he was a vice president of Haltz, for the purpose of inducing Chicago Title and Trust Company to release moneys from an escrow fund.

16. Kevin is not now nor has he ever been a vice president, officer of any kind, or owner of Haltz.

17. Kevin has and had no reason to believe that the statement detailed in Paragraph 15 was true, and did not in fact believe it to be true when he made it.

18. In reliance on Kevin's statements, Chicago Title and Trust Company released approximately $42,300.00 to Kevin.

19. Haltz did not authorize any of these acts and did not receive the proceeds of the draws.

20. Kevin absconded with the proceeds of the draws.

WHEREFORE, the Haltz Parties, HALTZ CONSTRUCTION, INC., MICHAEL SELVAGGIO, and DANIEL DILLON, respectfully request that this Honorable Court enter a judgment in their favor and against KEVIN MACNAB, that costs be assessed against KEVIN MACNAB, and for such and other further relief that this Honorable Court deems just and equitable.

### COUNT II
### CONTRIBUTION
### (Kevin MacNab)

21. The Haltz Parties reassert and reallege Paragraphs 1-20 of this Third-Party Complaint and incorporate them as if fully set forth herein.

22. On information and belief, the Plaintiffs were hired by Kevin through Synergy and were to be paid by Kevin through Synergy.

23. The Plaintiffs were employed and supervised during the Project by the Kevin.

24. Kevin had or has in his possession some or all of the funds for Synergy's labor expenses, including, on information and belief, the funds that Plaintiffs are seeking from Defendants in the instant action.

25. Haltz has never had, and does not currently have, the funds removed from Chicago Title and Trust Company by Kevin.

WHEREFORE, the Haltz Parties, HALTZ CONSTRUCTION, INC., MICHAEL SELVAGGIO, and DANIEL DILLON, respectfully request that in the event that any or all of the Haltz Parties are held liable in the instant action, that this Honorable Court enter a judgment ordering KEVIN MACNAB to pay any judgment as assessed against the Haltz Parties, that costs be assessed against Plaintiffs and Kevin MacNab, and for such and other further relief that this Honorable Court deems just and equitable.

## COUNT III
### BREACH OF ORAL AGREEMENT
(Kevin MacNab)

26. In approximately December of 2007 or January of 2008, Selvaggio loaned approximately $18,000.00 to the MacNabs early on in the project, after Kevin told Selvaggio that he did not have money to cover three to four weeks of payroll for the masonry labor.

27. Kevin repaid approximately $11,000.00 to Selvaggio.

28. Selvaggio repeatedly requested that Kevin pay the remaining $7,000.00 balance on the loan.

29. Kevin refused and refuses to pay the remaining $7,000.00 that he owes to Selvaggio.

WHEREFORE, Defendant/Third-Party Plaintiff MICHAEL SELVAGGIO respectfully requests that this Honorable Court enter a judgment in his favor and against KEVIN MACNAB in the amount of $7,000.00 plus pre-judgment interest, that costs be assessed against KEVIN MACNAB, and for such and other further relief that this Honorable Court deems just and equitable..

Dated: May 5, 2012                     Respectfully submitted,

                                              //s//   Brooke L. Lewis
Brooke L. Lewis, # 6295195
Glenn Seiden, # 2543761
SEIDEN LAW GROUP
Attorneys for Haltz Parties
115 S. LaSalle St., Suite 2600
Chicago, Illinois 60603
312.236.3060
blewis@seidenlawgroup.com
gseiden@seidenlawgroup.com

6